FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TONYA L. H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:18-CV-00048-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383f. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

**GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits and Supplemental Security Income on November 5, 2012. AR 29, 184-90, 1075-83. Her alleged onset date of disability was May 1, 2008, was later amended to March 1, 2009. AR 29. Plaintiff's application was initially denied on May 15, 2013, AR 29, 104-06, 109-10. and on reconsideration on April 10, 2014, AR 1096-99, 1103-05.

A hearing with Administrative Law Judge ("ALJ") Moira Ausems occurred on April 5, 2016. AR 30, 111-63. On September 28, 2016, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 29-44. The Appeals Council denied Plaintiff's request for review on December 15, 2017, AR 9-12, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on February 8, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 43 years old on the date the application was filed. AR 43. She has at least a high school education. *Id*. Plaintiff is able to communicate in English. *Id*. Plaintiff has past relevant work as an attendant, caregiver, and telemarketer. AR 43.

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

## V. THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act since June 2, 2011, the day after the SSA's most recent final determination.[1] AR 31, 44.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the filing of her application on June 2, 2011 (citing 20 C.F.R. § 416.971 *et seq*.). AR 32.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease and joint disease of the lumbar regions of the spine status-post surgical procedures; osteoarthritis of the right knee; osteoarthritis of the left foot; major depressive disorder; post-traumatic stress disorder ("PTSD"); generalized anxiety disorder; and panic disorder with agoraphobia(citing 20 C.F.R. § 416.920(c)). *Id*.

At **step three**, the ALJ found that since June 2, 2011, Plaintiff has not had an impairment or combination of impairments that met or medically equaled the

---

[1] Plaintiff has filed eight applications for Social Security disability benefits. AR 29. On December 19, 2010, Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits which were denied in an initial determination dated June 1, 2011. *Id.* Although Plaintiff again filed for benefits within two years of the prior determination, the ALJ did not find good cause to reopen any of Plaintiff's previous determinations. AR 29-30. As such, the initial determination on June 1, 2011, remains the final and binding determination of the SSA and the current period now under adjudication begins June 2, 2011. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416. 920(d), 416.925 and 416.926). AR 32-33.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity to: perform a restricted range of light work as defined in 20 C.F.R. § 416. 967(b); she can lift/carry 20 pounds occasionally and up to 10 pounds frequently; stand and/or walk for a total of two hours in an eight-hour workday with normal breaks; sit for six hours in an eight-hour workday with normal breaks; she requires the option to alternate between sitting and standing at her workstation one or two times per hour for five non-continuous minutes; she can occasionally climb ramps and stairs, balance, stoop, and kneel; she can never crouch, crawl, or climb ladders ropes or scaffolds; is limited to no more than occasional overhead reaching and pushing/pulling with bilateral upper extremities; she can frequently reach in all other directions, handle, finger, and feel bilaterally; she should avoid even moderate exposure to industrial vibration; she can never be exposed to unprotected heights or commercial driving; is limited to no more than lower-level semiskilled (SVP-3) tasks of repetitive nature that do not involve exposure to the stress of fast paced production or quota requirements; requires hands-off supervision; and can have no more than superficial contact with the public or coworkers. AR 34-35.

The ALJ determined that, through the date last insured, the claimant was unable to perform any past relevant work. AR 42.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can have perform. AR 43. These include, small parts assembler, electronics worker, and garment sorter. AR 43-44.

## VI. ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) Improperly assessing Plaintiff's credibility; and (2) failing to properly consider and weigh the medical opinion evidence.

## VII. DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Subjective Complaint Testimony.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 35. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 35-39.

### 1. The ALJ properly discredited Plaintiff's subjective complaints due to her activities of daily living.

The ALJ further found that Plaintiff's allegations of completely disabling limitations were belied by her daily activities. AR 37. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ noted Plaintiff's active lifestyle was not consistent with allegations of totally disabling impairments. AR 37. For example, in July 2011, Plaintiff reported that she had been going camping. AR 695. She also reported being able to leave home and go for walks with her son, roommate and dog; she enjoyed cooking; going to the casino; hiking; reading; watching movies; and keeping busy. AR 664, 691, 712, 755. And in November 2011, Plaintiff's counselor noted that she had been doing a "wonderful job getting out and doing things." AR 673.

The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). As such, the ALJ reasonably found that Plaintiff's allegations of debilitating physical limitations during the relevant time period are inconsistent with the medical evidence. Thus, the ALJ reasonably found that Plaintiff's daily activities throughout the relevant time period contradict Plaintiff's allegations of

total disability. The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges.

### 2. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistent treatment.

In addition to the above reasons, the ALJ further found that Plaintiff's allegations of disabling limitations are inconsistent with the level of treatment she sought during the relevant time period. AR 36. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment … can cast doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Although Plaintiff alleges debilitating physical impairments, the ALJ noted that the record is void of significant treatment for her degenerative disc disease and degenerative joint disease since June 2011. AR 36. Further, other than being prescribed an orthotic, Plaintiff has not sought or required any additional treatment for the osteoarthritis in her left foot. AR 36.

With regard to Plaintiff's allegedly disabling mental impairments, the ALJ noted Plaintiff's poor compliance with treatment. AR 36-37, 667, 696, 759. Progress notes indicate that Plaintiff "no-showed" to mental health counseling on several occasions. AR 696. In January of 2012, Plaintiff was told that she had

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

recently missed six mental health counseling appointments and would be discharged if she missed one more. AR 667. She received another written warning for failing to attend her appointments in April 2014. AR 876.

Further, the ALJ also pointed to Plaintiff's successful treatment for her mental health. AR 39. For example, in September 2011, Plaintiff reported that she was less depressed, AR 685; in January 2013, Plaintiff reported that listening to a relaxation CD helped reduce her anxiety, AR 787; in February 2013, she reported that medications were helpful in controlling her anxiety, AR 734; and in March 2013, she reported that medications had "somewhat" relieved her symptoms of depression and panic, AR 753.

The record supports the ALJ's determination that Plaintiff's conditions are not as limiting as she alleges. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The

Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

**1. Legal standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830 (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating

provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### 2. Examining psychiatrist, Amy Dowell, M.D.

In May 2013, Dr. Dowell opined that Plaintiff had the ability to perform simple and repetitive tasks, detailed and complex tasks, accept instructions from supervisors, interact with the public and coworkers, and perform activities on a consistent basis without special or additional instruction. AR 714. She further opined that Plaintiff might have difficulty maintaining regular attendance in the workplace, completing normal workdays and workweeks without interruption, and would have difficulty dealing with stress in the workplace. *Id.*

The ALJ assigned Dr. Dowell's opinion only partial weight because some of the doctor's conclusions were based largely on self-reports. AR 41. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ also noted that Dr. Dowell's opinion was contradicted by other objective medical evidence in the record. AR 36-38, 41. Finally, the ALJ determined that Dr. Dowell's opinion was contradicted by Dr. Moore's opinion who had the opportunity to review all of the evidence in the record. AR 41. An

ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Dowell's opinion.

### 3. Examining psychologist, Jeanette Higgins, Ph.D.

In March 2014, Dr. Higgins opined that Plaintiff had the ability to understand, remember, carry out simple instructions, and make work-related decisions, but did not have the ability to carry out complex instructions or make complex work-related decisions. AR 41, 793-95. She also opined that Plaintiff had the ability to appropriately interact with supervisors and coworkers who were patient, tolerant and supportive, but she could not interact with the public. *Id.*

The ALJ afforded Dr. Higgins opinion significant weight because it was

consistent with the results of her psychological exam as well as substantial evidence in the record. AR 41. Plaintiff contends that the ALJ did not factor Dr. Higgins opinion into her hypothetical the to the vocational expert or the residual functional capacity determination. ECF No. 12 at 16. However, the ALJ noted that Plaintiff should not have more than superficial contact with the public or coworkers and be supervised by "hands-off" supervisors. AR 41. The Court that the ALJ's accommodation is supported by the record as a whole.

The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Higgin's opinion.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 1st day of April, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18